NOT DESIGNATED FOR PUBLICATION

No. 125,308

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES STRADER,
*Appellant*,

v.

JEFFREY ZMUDA, Secretary of Corrections, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Opinion filed February 10, 2023. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Libby K. Snider*, of Kansas Department of Corrections, for appellees.

Before CLINE, P.J., ISHERWOOD, J., and PATRICK D. MCANANY, S.J.

PER CURIAM: James Strader, an inmate in the Lansing Correctional Facility, filed a pro se petition for relief under K.S.A. 60-1501. He alleged that various prison authorities and personnel committed multiple cruel and unusual acts against him. They appear to center on the prison (1) administering to him a medication, which had deleterious side effects he previously had experienced, (2) serving him food containing onion powder to which he was allergic, and (3) mistreating or failing to treat a broken wrist injury he sustained.

It took Strader nine months to serve the respondents and pay his filing fee. Once these were accomplished, the district court appointed counsel to represent him.

1

Both before and after counsel's appointment, Strader filed numerous pro se documents in which he alleged that the prison medical staff were liars, that a nurse sodomized him by performing a medical procedure on him without his consent, that the Federal Bureau of Investigation and the Secret Service were monitoring him with their "smart dust technology" and "military sonar monitoring system," and that he needed protection from the Proud Boys who had threatened to kill him.

Appointed counsel eventually filed a second amended petition in which Strader alleged that the prison medical staff refused to give him necessary medical treatment, which constituted shocking and intolerable conduct.

Respondents moved to dismiss Strader's K.S.A. 60-1501 petition, which the district court granted. In its written ruling on the motion, the court stated:

> "Petitioner James Strader is an inmate in the custody of the Secretary of Corrections located at Lansing Correctional Facility. Petitioner filed a Petition for Writ of Habeas Corpus, alleging that he was subjected to violent assaults and denied medical care. A writ of habeas corpus was issued by the court, and Respondent, former warden Shannon Meyer, filed a Motion to Dismiss for failure to state a claim upon which relief can be granted.
>
> "The Court has concluded that the allegations in the Petition are insufficient to support a claim for relief. Therefore, the Petition is dismissed."

Strader appeals.

We have unlimited review when considering the district court's summary dismissal of a K.S.A. 60-1501 petition. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009).

2

"Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49.

K.S.A. 75-52,138 provides that an inmate "shall have exhausted such inmate's administrative remedies, established by rules and regulations promulgated by the secretary of corrections or by county resolutions" before suing the State of Kansas or any of its employees. Moreover, "[u]pon filing a petition in a civil action, such inmate shall file with such petition proof that the administrative remedies have been exhausted." K.S.A. 75-52,138.

K.A.R. 44-15-101(b) states that before a prison inmate uses the administrative grievance process, he or she should try to reach "an informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis." If this informal resolution fails, K.A.R. 44-15-101(d) outlines the sequential formal grievance process which requires (1) submitting the grievance to a unit team member of the facility, then (2) submitting the grievance to the warden, and finally (3) submitting the grievance to the office of the Secretary of Corrections.

If Strader failed to prove that he exhausted his administrative remedies before bringing this action as required by K.S.A. 2021 Supp. 60-1501(b), K.S.A. 75-52,138, and K.A.R. 44-15-102, then the district court did not err in dismissing Strader's action.

Nothing within Strader's pro se petition, first amended petition with counsel, or second amended petition with counsel addresses whether Strader exhausted his administrative remedies. Neither his pro se petition nor his amended petitions were accompanied with copies of the grievance forms he was required to submit in order to

satisfy the three-level grievance process. The fact that Strader initially proceeded pro se does not excuse his failure to adhere to the procedure required to demonstrate that he satisfied the three-step grievance process as a prerequisite to being entitled to bring an action under K.S.A. 60-1501. "Under Kansas caselaw and rules, pro se litigants in a civil case are required to follow the same rules of procedure and evidence which are binding upon litigants who are represented by counsel." *Joritz v. University of Kansas*, 61 Kan. App. 2d 482, Syl. ¶ 2, 505 P.3d 775, *rev. denied* 315 Kan. 968 (2022).

Nothing in the record on appeal supports Strader satisfying his obligation to exhaust his administrative remedies before filing his K.S.A. 60-1501 petition. He was required to make this showing in his petition and by means of mandated accompanying documents filed with the district court. Without this showing, the district court had no authority to grant relief on Strader's petition. Having failed to make this showing, Strader's petition, on its face, does not state a claim upon which relief can be granted. In its ruling on the State's motion to dismiss for failure to state a claim, the district court stated: "The Court has concluded that the allegations in the Petition are insufficient to support a claim for relief. Therefore, the Petition is dismissed." The district court did not err in doing so.

Affirmed.